## PLACING VENDOR'S STATEMENT ON A SEPARATE SHEET RENDERS CONTRACT OF CONDITIONAL SALE VOID.

Circuit Court of Hamilton County.

NATIONAL CASH REGISTER CO. v. FRED. CLOSS, ASSIGNEE.

Decided, December 5, 1908.

*Conditional Sales—Vendor Held to Strict Compliance with Statutory Provisions—With Reference to Notice of His Claim—Section 4155-2.*

The rule that statutes which prescribe the manner in which mortgages or contracts of conditional sale shall be executed and filed or recorded must be strictly complied with, renders a contract of conditional sale filed with the county recorder insufficient, where the statement of the vendor as to the amount due and unpaid does not appear "thereon," but is embodied in an affidavit on a separate sheet attached to the contract of sale.

*Charles Phares,* for plaintiff in error.
*Fred. Closs,* contra.

SMITH, J.; SWING, P. J., and GIFFEN, J., concur.

Upon the facts found by the trial court we are of the opinion that the judgment of the court below should be affirmed. While

a copy of the contract of conditional sale was deposited with the Recorder of Hamilton County with an affidavit of the agent of the National Cash Register Co. that it was a copy, setting forth the amount due and unpaid on the same; yet the affidavit was upon a separate paper and attached to the copy of the contract.

We do not think this is in compliance with Section 4155-2, Section 1, Revised Statutes, which provides for the deposit of the contract, with a statement "thereon," under oath made by the person so selling, his agent, or attorney, of the amount of the claim; or the deposit of a true copy thereof, evidently meaning a true copy of the contract, with an original affidavit "thereon," the affidavit being no part of the contract.

This, therefore, would seem to require the affidavit to be upon the instrument or contract itself or a true copy thereof and not attached separately to it.

Statutes which prescribe the manner in which mortgages or contracts of conditional sale shall be executed, filed or recorded should, in general, be strictly complied with, and unless so complied with they impart no notice; thus the courts have held parties to a very strict compliance with the statute where the rights of third parties intervene. *Cross, Trustee*, v. *Carstens*, 49 O. S., 548; *Jones, Chattel Mortgages*, Section 248.

The judgment of the trial court is affirmed.